IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10486
Summary Calendar
_____

MICHAEL JONATHAN CARLSON,

Plaintiff-Appellant,

versus

LESLIE WOODS ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-129-AH
- - - - - - - - - -

April 6, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Michael Carlson, Texas prisoner # 328076, appeals the magistrate judge's grant of the defendants' motion for summary judgment, dismissing Carlson's 42 U.S.C. § 1983 claims that he was denied his right to exercise his religion because he and other Christian Identity followers were not allowed separate services, Bible study meetings, and a cassette player for their meetings. Carlson argues that the magistrate judge erred in granting summary judgment and that the magistrate judge's protective order staying

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovery pending a resolution of the defendants' asserted qualified immunity defense was an abuse of discretion.

We review a summary judgment de novo and use the same standards which exist for the district court.  Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996).  Our review of the record reveals that there were no issues of material fact that the prison's policy of not allowing separate services and Bible study meetings for Christian Identity followers was rationally related to legitimate penological interests of staffing, security, available time and space, and the possible ripple effect of having to afford numerous other religious groups within the prison separate services and Bible study meetings.  Carlson was afforded the opportunity to attend generic weekly services and to receive and possess religious materials.  Summary judgment was proper.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); Ganther v. Ingle, 75 F.3d 207, 211 (5th Cir. 1996).

Carlson consented to the protective order in the district court, and he has not shown on appeal that the order constituted plain error.  See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995) (rulings not objected to in the district court are subject to plain error review).

The magistrate judge's summary judgment and grant of the motion for a protective order are AFFIRMED.

Carlson is sufficiently able to present his arguments, and his motion for the appointment of counsel is DENIED.